## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERIKA LATTIMORE, as Guardian
of TIMESHA  BEAUCHAMP, an
incapacitated person, ERIKA
LATTIMORE, Individually,
STEVEN THOMPSON, and
ERIKA LATTIMORE
as Guardian of TIMOTHY
BEAUCHAMP,

      Plaintiffs,

v.

CITY OF SOUTHFIELD,
MICHAEL STORMS, SCOTT
RICKARD, PHILLIP MULLIGAN,
JAKE KROLL, In their Individual
Capacity, Jointly and Severally,

      Defendants.

Case No. 2:20-cv-12738
Hon. Arthur J. Tarnow
Mag. Judge David R. Grand

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
g.fieger@fiegerlaw.com

T. JOSEPH SEWARD (P35095)
KALI M. HENDERSON (P76479)
SEWARD HENDERSON, PLLC
Attorneys for Defendants
210 East Third Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com
khenderson@sewardhenderson.com

---

<u>**PLAINTIFFS' MOTION TO QUASH**</u>
<u>**DEFENDANTS' SUBPOENAS TO FIEGER LAW, THE JAMES H.**</u>
<u>**COLE FUNERAL HOME C/O RANDALL HARBOUR, AND**</u>
<u>**DETROIT MEMORIAL PARK ASSOCIATION C/O WILBUR B.**</u>
<u>**HUGHES, III.**</u>

NOW COME Plaintiffs', for their Motion to Quash the Subpoenas to Fieger Law, the James H. Cole Funeral Home c/o Randall Harbour, and Detroit Memorial Park Association c/o Wilbur B. Hughes III, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45 state the following:

1.      On August 23, 2020, Timesha Beauchamp suffered a severe hypoxic brain injury when Defendants, MICHAEL STORMS, SCOTT RICKARD, PHILLIP MULLIGAN, and JAKE KROLL of the Southfield Fire Department, refused to provide her medical attention and ultimately, wrongfully declared her deceased.

2.      A lawsuit was filed on behalf of Timesha Beauchamp on October 8, 2020, alleging violation of civil rights, specifically the Fourteenth Amendment. (**Exhibit 1, Complaint).**

3.      On October 18, 2020, Timesha Beauchamp succumbed to her injuries.

4.      On January 25, 2021, Defendants served a broad subpoena upon the Fieger Law Firm to produce all payments and communications made to or with O.H. Pye Funeral Home, Detroit Memorial Park West, and Timesha

Beauchamp, Erika Lattimore, Steven Thompson, and Timothy Beauchamp. (**Exhibit 2, Fieger Law Subpoena**).

5.      Plaintiffs responded by objecting to the proposed subpoena directed to Fieger Law asserting that it was not appropriate pursuant to Fed. R. Civ. P. 45(e)(2), which allows for a person to withhold subpoenaed information under a claim that the information is privileged or subject to protection. (**Exhibit 3, Objection to Fieger Law Subpoena**).

6.      Moreover, such a request is grossly inappropriate and not calculated to address any issue in this case. Rather, the request was made purely for harassment purposes.

7.      Plaintiffs then received notice on February 11, 2021, that Defendants intended to serve equally broad subpoenas upon the James H. Cole Funeral Home and Detroit Memorial Park Association essentially requesting the production of the same type of various records and documents requested in the previous subpoena directed to Fieger Law. (**Exhibit 4, James H. Cole Subpoena, Exhibit 5, Detroit Memorial Park Association Subpoena).**

8.      Once again, Plaintiffs objected with regards to the requested documents outlined in item #5 of both subpoenas i.e. "Any and all payments, including copies of checks, from the Fieger Law Firm for the past five years to your facility." Specifically, Plaintiffs objected to these requests on the basis that they were "overbroad, and not related to any issues pending in this case."

(**Exhibit 6, Objection to James H. Cole Subpoena, Exhibit 7, Objection to Detroit Memorial Park Association Subpoena**).

9.      The subpoena served on Fieger Law Firm is grossly improper for the basic reason that a law firm has a duty to maintain its clients' confidence and therefore is not obligated to respond to such requests. Moreover, such information has nothing to do with this case.

10.      Additionally, it is well settled that "[a] subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016).

11.      Defendants' subpoenas upon the James H. Cole Funeral Home and Detroit Memorial Park Association with regard to item #5 requests information that is not remotely proportional to the needs of the case and is beyond any bounds of relevant discovery related to the claims in this case, in violation of Fed. R. Civ. P. 26. The request is pure and unadulterated harassment.

12.      The information requested in item #5 of these subpoenas also does not have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

13.      Moreover, the overly broad requests are not tailored to seek information that is relevant to the subject action but rather are meant to harass

Plaintiffs and the Fieger Firm.

14.   Consequently, for the reasons more specifically detailed in the accompanying brief, Plaintiffs move to quash Defendants' subpoena directed to Fieger Law for the production of various documents that are protected by privilege and their request for the documents outlined in item #5 of Defendant's subpoenas to James H. Cole Funeral Home and Detroit Memorial Park Association.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court quash Defendants' subpoena to the Fieger Law Firm and their request for the documents outlined in item #5 of their subpoenas to the James H. Cole Funeral Home and Detroit Memorial Park Association.

Respectfully Submitted,

*/s/:Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
Dated:  February 19, 2021       Attorney for Plaintiff

---

### PROOF OF SERVICE

The undersigned hereby certifies that she served a copy of the foregoing upon all attorneys of record at their respective business addresses as disclosed by the pleadings of record herein on this 19th DAY of February, 2021.
**X**US Mail ___ Hand Delivered  ___ UPS ___ Other
**X** Email ___ ECF ___ Federal Express ___ Facsimile

Signature: */s/ Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**

---

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIKA LATTIMORE, as Guardian
of TIMESHA  BEAUCHAMP, an
incapacitated person, ERIKA
LATTIMORE, Individually,
STEVEN THOMPSON, and
ERIKA LATTIMORE
as Guardian of TIMOTHY
BEAUCHAMP,

      Plaintiffs,

v.

CITY OF SOUTHFIELD,
MICHAEL STORMS, SCOTT
RICKARD, PHILLIP MULLIGAN,
JAKE KROLL, In their Individual
Capacity, Jointly and Severally,

      Defendants.

Case No. 2:20-cv-12738
Hon. Arthur J. Tarnow
Mag. Judge David R. Grand

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441)<br>JAMES J. HARRINGTON, IV (P65351)<br>*Fieger, Fieger, Kenney & Harrington, P.C.*<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>P: (248) 355-5555<br>F: (248) 355-5148<br>g.fieger@fiegerlaw.com | T. JOSEPH SEWARD (P35095)<br>KALI M. HENDERSON (P76479)<br>SEWARD HENDERSON, PLLC<br>Attorneys for Defendants<br>210 East Third Street, Suite 212<br>Royal Oak, MI 48067<br>P: (248) 733-3580<br>F: (248) 733-3633<br>E: jseward@sewardhenderson.com<br>khenderson@sewardhenderson.com |

{01071864.DOCX}                6

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO QUASH DEFENDANTS' SUBPOENA TO JAMES H. COLE FUNERAL HOME C/O RANDALL HARBOUR AND DETROIT MEMORIAL PARK ASSOCIATION C/O WILBUR B. HUGHES, III.**

## <u>ISSUES PRESENTED</u>

**I.**  Whether Defendants' subpoena to the Fieger Law Firm should be quashed?

Plaintiffs say:      "Yes"
Defendants say:   "No"

**II.**  Whether Defendants' request for the documents outlined in item #5 of their subpoenas to the James H. Cole Funeral Home and Detroit Memorial Park Association should be quashed?

Plaintiffs say:      "Yes"
Defendants say:  "No"

## <u>INDEX OF AUTHORITIES</u>

### <u>Cases</u>

*Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)…………………… …….8

*U.S. v. Hankins*, 631 F.2d 360, 365 (1980) …………………………………..10

*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) …………....………….10

*U.S. v. Jones*, 517 F.2d 666, 675 (5th Cir. 1975) …………………….....……10

*Michigan State A. Philip Randolph Inst. v. Johnson*, 16-11844, 2018 WL 1465767, at *7 (E.D. Mich. Jan. 4, 2018) …………………………………....………………12

*U.S. v. Fieger*, 07-20414, 2008 WL 474084, at *2 (E.D. Mich. Feb. 19, 2008), report and recommendation adopted as modified, 07-CR-20414, 2008 WL 659767 (E.D. Mich. Mar. 11, 2008) ………………………………………….12

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) ………………………………………..…………..8

*EEOC v Ford Motor Credit Co.*, 26 F. 3d 44, 47 (6th Cir 1994) ………………..9

*Martin v Trott Law, P.C.*, No. 15-12838, 2016 WL 94550599, at*2 (E.D. Mich. Dec 22, 2016) ………………………………………………..…..……….9

### <u>Rules</u>

Fed. R. Civ. P. 26(b)(1) …………………………………....………………8

Fed. R. Civ. P. 26(b)(3) …………………………………....………………8

Fed. R. Civ. P. 26(b)(2)(C)(iii)……………………………..………………12

Fed. R. Civ. P. 45(b)……………………………………….…………………...9

Fed. R. Civ. P. 45(d)(1) ………………………………….....…………....10

Fed. R. Civ. P. 45(d)(3) ……………………………....……………………9

Fed. R. Evid. 401……………………………...…………………………9

## STATEMENT OF FACTS

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. On August 23, 2020 Timesha Beauchamp suffered a severe hypoxic brain injury when Defendants, Michael Storms, Scott Rickard, Phillip Mulligan, and Jake Kroll of the Southfield Fire Department, refused to provide her medical attention and ultimately, wrongfully declared her deceased. As a result of Defendants' gross negligence, Timesha Beauchamp later died on October 18, 2020.

## STANDARD OF REVIEW

The trial court has broad discretion to decide whether to compel production of discovery materials as part of its inherent authority. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) ("It is well established that the scope of discovery is within the sound discretion of the trial court.").

## LAW AND ARGUMENT

**I.    Defendants' Subpoena served on Fieger Law is Improper Based Upon Well Established Common Law Principles That Apply to Law Firms and Their Clients With Regard to Maintaining Client Confidences**.

The subpoena served on Fieger Law Firm is improper for the basic reason that a law firm has a duty to maintain its clients' confidence and therefore is not obligated to respond to such requests. The subpoena served upon the law firm requests the following production of documents:

{01071864.DOCX}                                      11

(1) All payments to O.H. Pye, III Funeral Home from August 23, 2020, through present.

(2) All payments to Detroit Memorial Park West from August 23, 2020, through present.

(3) All communications (via any medium, i.e., telephone, email, text, etc.) with O.H. Pye, III Funeral Home and any representatives or agents thereof from August 23, 2020, through present.

(4) All communications (via any medium, i.e., telephone, email, text, etc.) with Detroit Memorial Park West and any representatives or agents thereof from August 23, 2020, through present.

(5) All payments made to any individual or company related to Timesha Beauchamp, Erika Lattimore, Stephen Thompson, or Timothy Beauchamp.

(6) All communications with anyone regarding the payment for funeral and/or burial and/or other expenses related to Timesha Beauchamp, Erika Lattimore, Stephen Thompson, or Timothy Beauchamp. **[Exhibit 2, Fieger Law Subpoena].**

The documents sought by Defendants listed above include documents generated by Fieger Law that are subject to the attorney client privilege, work product doctrine, and/or lawyer's ethical duty to maintain their clients' confidence. Moreover, such information is totally irrelevant. The attorney client privilege is the oldest of the privileges for the confidential communications known to common law. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The purpose of the attorney client privilege is to facilitate full and frank disclosure between attorneys and clients. *Id.* As the Fifth Circuit held, "the purpose of the attorney

client privilege would be undermined if people were required to confide in attorneys at the peril of compulsory disclosures every time the government decided to subpoena attorneys…" See *U.S. v. Hankins*, 631 F.2d 360, 365 (1980) quoting *U.S. v. Jones*, 517 F.2d 666, 675 (5th Cir. 1975). Thus, the firm's relationship with any of its clients would be seriously affected if the law firm could be made to disclose to an opposing party their records and/or other communications. *Hankins*, 631 F. 2d. at 365. Consequently, requiring Fieger Law to comply with the subpoena would completely undermine the purpose of its attorney client privilege and work product doctrine with Plaintiffs.

Notwithstanding the fact that the clear applicability of the attorney client privilege, work product doctrine, and ethical duties to maintain client confidences renders the subpoena on the Fieger Law improper, FR Civ P 26(b)(3) provides that a party may discover documents and tangible things of another party prepared in anticipation of litigation or for trial ***only*** upon a showing of (1) substantial need of the materials to prepare the case and (2) inability without undue hardship to obtain a substantial equivalent by other means. Here Defendants have ***made no effort whatsoever to demonstrate*** that they have a substantial need for the production of the documents requested. Furthermore, as outlined in the firm's objection to the subpoena, there are alternative, more appropriate methods for Defendants to utilize if they wish to demonstrate how the requested information is relevant. (**Exhibit 3, Objection**

**to Fieger Law Subpoena)**.

The subpoena upon Fieger Law is grossly improper because it seeks the production of privileged and irrelevant information. This court has granted motions to quash subpoenas where the court has made a finding that the subpoena at issue was improperly seeking privileged information or being used for an improper purpose. See *Michigan State A. Philip Randolph Inst. v. Johnson*, 16-CV-11844, 2018 WL 1465767, at *7 (E.D. Mich. Jan. 4, 2018)[1] (**Exhibit 8**), See also *U.S. v. Fieger*, 07-CV-20414, 2008 WL 474084, at *2 (E.D. Mich. Feb. 19, 2008), report and recommendation adopted as modified, 07-CR-20414, 2008 WL 659767 (E.D. Mich. Mar. 11, 2008)[2] (**Exhibit 9**). Accordingly, for the reasons stated above, the subpoena upon Fieger Law is improper and should be quashed in its entirety.

**II.     Defendants' Subpoenas to the James H. Cole Funeral Home and Detroit Memorial Park Association Requests Documents Outlined in Items #5 That Exceed the Scope of Discovery and Are Not Related to Any Issues Pending In this Case.**

---

[1] The Court found that the factors weighed in favor of quashing the subpoenas, at least to the extent that the information Plaintiffs sought was protected by the legislative privilege.

[2] The Court quashed the Government's subpoena where Defendant Fieger sufficiently showed that the subpoena was improper and should be quashed, and the Court found that the Government's use of the subpoena to gather facts to support its Motion for a Protective Order was the equivalent of using the motion as a discovery tool which is an improper purpose.

It is well settled that "[a] subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016). As this Court is well aware, Rule 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. FRCP 45(d)(3) governs Motions to Quash Subpoenas, articulating circumstances when a court must quash or modify a subpoena:

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Whether a burden is "undue" requires the Court to weigh "the likely relevance of the requested material…against the burden…of producing the material."

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir 1994). "While the person seeking to quash the subpoena "bears the burden of demonstrating that the discovery sought should not be permitted, the party seeking the discovery has the initial burden of demonstrating its relevance." *Martin v. Trott Law, P.C.*, CV 15-12838, 2016 WL 94550599, at*2 (E.D Mich. Dec 22 2016)(internal quotes and cites omitted). (**Exhibit 10**).

> Rule 45(b), additionally provides:
>
> [T]he court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.

In addition to meeting the governing discovery relevancy standard, the information sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by Rule 26(b)(1). In other words, if the information requested exceeds the scope of permissible discovery under 26(b)(1), which requires requests appear "reasonably calculated to lead to the discovery of admissible evidence, the subpoena should be quashed.

Here Defendants seek disclosure of information with regard to items #5 of the James H. Cole Funeral Home and Detroit Memorial Park Association subpoenas that is irrelevant to its defense or Plaintiffs' cause of action and not reasonably calculated to lead to the discovery of admissible evidence. See Rule

26(b)(1). Moreover, the subpoena is overly broad and subjects the James H. Cole Funeral Home and Detroit Memorial Park Association to undue burden as addressed in Plaintiffs' Objections to Defendants' Subpoenas (**Exhibit 6, Objection to James H. Cole Subpoena, Exhibit 7, Objection to Detroit Memorial Park Association Subpoena**). Specifically, Defendants Request with regard to item #5 of both subpoenas demand production of "Any and all payments, including copies of checks, from the Fieger Law Firm for the past five years to your facility." **(Exhibit 4, James H. Cole Subpoena, Exhibit 5, Detroit Memorial Park Association Subpoena**).

Defendants' request for "any and all payments" by the Fieger Firm, for the past five years is overly broad and unduly burdensome, irrelevant, and pure harassment. There is no reasonable justification, based on relevance to the facts of this case, for the Defendants to subject James H. Cole Funeral Home and Detroit Memorial Park Association to review *five years'* worth of records. There is no conceivable argument that can make the requested records even tangentially relevant to this case. Defendants have subpoenaed all payments for the last five years merely in order to harass the Fieger Firm, which violates both Rule 45 and Rule 26.

Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Defendants have not

taken such steps in serving the broad subpoenas on the James H. Cole Funeral Home and Detroit Memorial Park Association in this case, which seek irrelevant information.

Further, Fed. R. Civ. P. 26(b)(1) addresses the scope of discovery, stating that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, "any and all payments from the Fieger Law Firm for the past five years" to the James H. Cole Funeral Home or Detroit Memorial Park Association are wholly irrelevant to the claim raised in this lawsuit and do not have any tendency of making any fact of consequences in this action more probable. See Fed. R. Evid. 401. Plaintiffs' have alleged a violation of Timesha Beauchamp's civil rights. There is nothing in James H. Cole's Funeral Home or Detroit Memorial Park's financial records that could have any bearing upon the violation of Timesha's civil rights. Production of such information is clearly not proportional to the needs of the case and the burden and expense to the James H. Cole Funeral Home and Detroit Memorial Park far outweigh any unlikely benefit to the production of these documents.

Furthermore, as it relates to "any and all payments from the Fieger Law Firm" to the James H. Cole Funeral Home in this matter, to the best of Plaintiffs' knowledge, no such payments exist. While Timesha Beauchamp was initially transported from her home to the James H. Cole Funeral Home on August 23, 2020 by Mr. Holmes of Holmes Removal Services, Mr. Holmes did not charge the funeral home any fees and the James H. Cole Funeral Home did not charge any costs to the Beauchamp family. **(Exhibit 11, Letter from James H. Cole Funeral Home)**. Moreover, once it was discovered that Timesha was in fact not deceased, she was subsequently transferred to Sinai Grace Hospital that same day, and was later transferred to Children's Hospital of Michigan where she remained until her death on October 18, 2020. Upon her death, the funeral home of O.H. Pye handled the funeral arrangements, and those records have been provided to Counsel for the Defendants'. Thus, no services were rendered to Timesha or the Beauchamp family by James H. Cole Funeral home in this matter.

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), a court must limit the frequency or extent of discovery otherwise allowed by the rules if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). As referenced above, Rule 26(b)(1) allows for discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, there is no benefit to the disclosure of the information that Defendants seek. None of the documents sought have any relevance to Plaintiffs' claim that Defendants violated Timesha's civil rights and constitute a substantial burden to the subpoena recipient. Moreover, the information sought will have no bearing on the resolution of the issues raised in Plaintiffs' Complaint as Defendants' subpoenas seek information that is entirely irrelevant to this litigation. Accordingly, it is clear that Defendants' request for the documents outlined in item #5 of their subpoenas to the James H. Cole Funeral Home and Detroit Memorial Park Association must be quashed as they appear to have been filed purely for the purpose of harassment.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court quash Defendants' subpoena to the Fieger Law Firm and their request for the documents outlined in item #5 of their subpoenas to the James H. Cole Funeral Home and Detroit Memorial Park Association.

Respectfully Submitted,

*/s/:Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
Attorney for Plaintiff

Dated: February 19, 2021

**PROOF OF SERVICE**

The undersigned hereby certifies that she served a copy of the foregoing upon all attorneys of record at their respective business addresses as disclosed by the pleadings of record herein on this 19th DAY of February, 2021.
**X**US Mail ____ Hand Delivered  ____ UPS ____ Other
**X** Email ____ ECF ____ Federal Express ____ Facsimile

Signature: */s/ Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**